UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MARC BOWMAN BROWN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 11-0526 (EGS) |
| | : | |
| TOM J. VILSACK, Secretary, | : | |
| U.S. Department of Agriculture, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

This matter is before the Court on defendant's Motion for Partial Dismissal [Dkt. # 24]. For the reasons discussed below, defendant's motion will be granted, and with the exception of plaintiff's timely challenge to his termination, the complaint will be dismissed.

### I.  BACKGROUND

From July 2003 until his termination on July 25, 2009, plaintiff "was a Management/Information Technology Analyst, assigned to the Office of Program Evaluation, Enforcement and Review (OPEER), Information Policy and Capital Planning Division (ITPCPD)," at the United States Department of Agriculture ("USDA").  Mem. in Supp. of Def.'s Mot. for Partial Dismissal ("Def.'s Mem."), Ex. A (Final Agency Decision ("FAD") dated March 22, 2010) at 3.  According to plaintiff, he has been "unjustly, and illegally victimized" by the USDA, Compl. at 1, which had taken various adverse personnel actions against him, *see generally id.* at 3-6.

First, plaintiff alleges that the USDA took away "all [his] job duties," leaving him with "virtually nothing to do for two straight years, despite . . . numerous requests for work," only to be reassigned to a new supervisor under whom he "was tasked to a specialty foreign to [him]."  *Id*. at 2.  Second, plaintiff claims that the USDA restricted his use of annual and sick leave,

1

notwithstanding his disability and his compliance with the Family Medical Leave Act ("FMLA"). *Id.* at 4-5.   Third, plaintiff contends that the USDA suspended him on two occasions.  *See id.* Plaintiff attributes these employment actions to his engagement in whistleblowing activity pertaining to the "illegal launch" of a computer system by the Associate Administrator of the Food Safety and Inspection Service, *id.* at 3, the filing of discrimination claims against the USDA, *see id.* at 3-5, and his disability, *id.* at 5.

Plaintiff filed two separate discrimination claims with the USDA's Equal Employment Office ("USDA-EEO"):

> The issues presented . . . are whether the Food Safety and Inspection Service (FSIS) (Agency) subjected the [plaintiff] to harassment (non-sexual) based on physical disability (high blood pressure) and reprisal when:
>
> **FSIS-2008-00601**
>
> 1.  On April 17, 2008, [plaintiff's] supervisor informed him that his work performance was not meeting management's expectation and that [he] failed in his role as the liaison between FSIS Internal, Controls and the IT Policy and Capital Planning Division.  [The supervisor] also noted that [plaintiff] made too many errors in his work, however, the supervisor based his conclusion on a version of a report that the [plaintiff] did not write;
>
> 2.  On April 29, 2008, [plaintiff] was placed on leave restriction which required him to provide documentation to support his request for leave above and beyond what is required under the [FMLA];
>
> 3.  Since April 29, 2008, [plaintiff's] supervisor has refused to sign his timesheet and instead has created altered timesheets, changing his Leave Without Pay (LWOP) status to Absent Without Leave (AWOL) to include May 13, 2008, and June 3-5, 2008; and
>
> 4.  On June 24, 2008, [plaintiff] was issued a Notice of Proposed Suspension without pay for a maximum of five (5) days.
>
> **FSIS-2009-00502**
>
> 1.  On September 3, 2008, [plaintiff] received the final decision on

>the June 24, 2008, proposal, suspending him from September 15-19, 2008;
>
>2. On December 4, 2008, [plaintiff] received another Notice of Proposed Suspension and on January 27, 2009, he received the final decision suspending him from February 1-14, 2009;
>
>3. Management failed to address [plaintiff's] April 29, 2009, request for a reasonable accommodation;
>
>4. Although requested, [plaintiff] has not received any substantive work assignments for the past year;
>
>5. On June 17, 2009, [plaintiff] received a Notice of Proposed Removal; and
>
>6. On July 24, 2009, [plaintiff] was terminated.

Def.'s Mot., Ex. A at 1-2. The claims were consolidated for investigation in July 2009, and on August 3, 2009, the latter claim was amended to add plaintiff's termination. *Id.*, Ex. A at 2. Notwithstanding plaintiff's assertions, in the agency's view, "[t]he weight of the evidence indicate[d] that discrimination did not occur." *Id.*, Ex. A at 17.

The USDA's Final Agency Decision ("FAD"), dated March 22, 2010, notified plaintiff of his right to file either a Notice of Appeal to the Merit Systems Protection Board ("MSPB") within 30 calendar days of his receipt of the FAD, *id.*, Ex. A at 17, or, alternatively, to seek judicial review by filing a lawsuit in federal district court within 90 calendar days of his receipt of the FAD, *id.*, Ex. A at 18.[1] According to the Certificate of Service, the FAD was sent to plaintiff by certified mail on March 25, 2010. *Id.*, Ex. A at 21. Plaintiff filed this action on January 19, 2011.[2]

---

[1] Although the FAD sets the filing deadline at 30 calendar days, *see* Def.'s Mem., Ex. A at 18, the controlling statute sets the filing deadline at 90 days from receipt of the FAD. *See* 42 U.S.C. § 2000e-16(c).

[2] The Clerk of Court initially received plaintiff's complaint [Dkt. #1] and application to proceed *in forma pauperis* [Dkt. #2] on January 19, 2011, as the date stamp on the first page of each document indicates. The Court denied plaintiff's application to proceed *in forma pauperis* on February 4, 2011, and on reconsideration granted the application on March 9, 2011 [Dkt. #4]. The

Meanwhile, on July 27, 2009, plaintiff filed an appeal of his termination to the MSPB, Washington Regional Office. *See* Compl., Ex. 9 (Initial Decision, Docket No. DC-0752-09-0726-I-1, dated June 28, 2010) at 1.[3] After a hearing, the administrative law judge ("ALJ") affirmed the USDA's action, finding that "the penalty of removal was warranted[; it] was neither arbitrary, capricious, nor unreasonable." *Id.*, Ex. 9 at 27.[4] Plaintiff filed a petition for review of the ALJ's Initial Decision by the full MSPB on June 29, 2010. Pl.'s Resp. to Def.'s Mot. for Partial Dismissal and Pl.'s Mot. to Proceed ("Pl.'s Opp'n"), Ex. B (Letter to plaintiff from Philip Miller, Paralegal Specialist, Office of the Clerk of the Board, U.S. Merit Systems Protection Board, dated June 30, 2010). The full MSPB denied plaintiff's petition for review, *see id.*, Ex. C (Final Order, Docket No. DC-0752-09-0726-I-1, U.S. Merit Systems Protection Board, dated September 30, 2010), and plaintiff filed an appeal of its Final Order to the Equal Employment Opportunity Commission ("EEOC"), Office of Federal Operations, *id.*, Ex. D (Decision, Petition No. 0320110003, dated December 23, 2010). The EEOC found "that the Agency articulated legitimate, nondiscriminatory reasons for the removal action, namely [plaintiff's] improper conduct and unsatisfactory attendance." *Id.*, Ex. D at 4. The EEOC notified plaintiff of his right to file a civil action in federal district court within 30 days of his receipt of its Decision. *See id.*, Ex. D at 4. Within this time period, on January 19, 2011, plaintiff filed this lawsuit.

---

Clerk of Court officially filed these documents, among others, on the electronic docket on March 14, 2011.

[3]     It appears that plaintiff filed multiple appeals to the MSPB, three of which (including Docket No. DC-0752-09-0726-I-1) were consolidated "for procedural purposes of conducting the hearing only." Def.'s Reply in Supp. of Def.'s Mot. for Partial Dismissal at 4. A separate decision was issued in each matter. *Id.* Plaintiff appealed only one of these appeals, DC-0752-09-0726-I-1, to the full MSPB. *Id.*

[4]     Because plaintiff's July 27, 2009, appeal of his termination to the MSPB preceded the August 3, 2009, amendment to his EEO claim to add his termination, *see* Def.'s Mem., Ex. A at 3, the MSPB (not the USDA) should have made a ruling on plaintiff's termination claim. *See* Def.'s Mem. at 7.

## II. DISCUSSION

Defendant does not seek dismissal of plaintiff's wrongful termination claim. Def.'s Mem. at 2, 8; Def.'s Reply in Supp. of Def.'s Mot. for Partial Dismissal at 5. Rather, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, he moves to dismiss "[t]he remaining discriminatory and retaliatory allegations," *id.* at 7, because "[a]ll . . . were addressed in the FAD issued on March 22, 2010." *Id.* at 8. "Plaintiff failed to meet the deadline" for filing his complaint "by several months," and, defendant argues, the claims must be dismissed as untimely. *Id.*

Plaintiff responds that he filed this action 27 days after he received the EEOC Decision on review of the Final Order of the Merit Systems Protection Board with respect to his termination. *See* Pl.'s Opp'n at 2. He appears to confuse the time limit for an appeal of the EEOC's Decision with the time limit for an appeal he could have taken within 90 days of receipt of the FAD, a decision which addressed his other claims of discrimination and retaliation. The timely filing of this action challenging the final administrative decision with respect to plaintiff's termination alone, the EEOC's December 23, 2010 Decision, cannot cure the untimely filing of his challenge to the USDA's March 22, 2010 FAD.

A federal employee seeking judicial review of a FAD must file his lawsuit "[w]ithin 90 days of receipt of notice of final action taken by [the] agency . . . ." 42 U.S.C. § 2000e-16(c). It is presumed that the employee receives the FAD within three to five days after its issuance, *see Leighton v. Gonzales*, No. 05-1835, 2007 WL 625876, at *1 (D.D.C. Feb. 26, 2007) ("Receipt of an agency decision is normally presumed to occur three days after its issuance."); *see also Anderson v. Local 201 Reinforcing Rodmen,* 886 F. Supp. 94, 97 (D.D.C. 1995) (finding that the *pro se* plaintiff's filing was untimely "[r]egardless of which presumptive receipt rule the Court adopts – the three-day or five-day rule"), at which time the limitations period begins to run. "It is well-settled that the statutory time limit for filing a lawsuit under Title VII is subject to waiver,

estoppel, and equitable tolling." *Smith v. Holder*, 806 F. Supp. 2d 59, 62 (D.D.C. 2011) (citations omitted); *see Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393-94 (1982). Application of equitable tolling is left to the Court's discretion, *see Smith-Haynie v. District of Columbia*, 155 F.3d 575, 579 (D.C. Cir. 1988), and may be warranted where a plaintiff establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005). For example, equitable relief may be extended where the plaintiff has received inadequate notice of the limitations period, or where the defendant's misconduct "lulled the plaintiff into inaction," or where "the [C]ourt has led the plaintiff to believe [he] has done everything required of [him]." *Mondy v. Sec'y of the Army*, 845 F.2d 1051, 1057 (D.C. Cir. 1988). Plaintiff alone bears the burden of establishing an equitable basis for excusing his failure to file his complaint within the 90-day limitations period. *See Saltz v. Lehman,* 672 F.2d 207, 209 (D.C. Cir. 1982); *House v. Salazar*, 598 F. Supp. 2d 89, 92-93 (D.D.C. 2009).

      Assuming that plaintiff received the FAD within five days of its mailing on March 25, 2010, the 90-day limitations period began to run on March 30, 2010. Plaintiff filed this action on January 19, 2011, several months after the limitations period had ended. Absent any showing by plaintiff that tolling of the limitations period is warranted, the filing of the instant complaint is untimely as to any claim other than the wrongful termination claim. *See Gladden v. Bolden*, No. 11-5279, 2012 WL 1449249, at *1 (D.C. Cir. Apr. 12, 2012) (affirming dismissal of complaint "because it was filed more than ninety days after appellant received appellee's final agency decision on appellant's administrative complaint"); *Miller v. Rosenker*, 567 F. Supp. 2d 158, 161-62 (D.D.C. 2008) (decline to apply equitable tolling where "Plaintiff has failed to meet his burden to c[o]me forward with any evidence showing that the delay in filing the administrative appeal was anything more than the result of neglect and lack of due diligence").

### III.   CONCLUSION

The Court concurs with defendant's assessment that, "with the exception of [plaintiff's] claim of wrongful termination," the claims set forth in this complaint "should be dismissed as untimely."   Def.'s Mem. at 2.   Accordingly, defendant's motion for partial dismissal will be granted and plaintiff's claims based on whistleblowing, disability discrimination, and reprisal will be dismissed.   An Order accompanies this Memorandum Opinion.

|  |  |
|---|---|
| Signed: | EMMET G. SULLIVAN<br>United States District Judge |
| Dated: | 11 June 2012 |